IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:24-MJ-261 (CFH) |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **KRIS ROGLIERI,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Kris Roglieri, by and through counsel, Matthew E. Trainor and Jeremy B. Sporn, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and include thirty (30) days from the date of the signing of this Order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

   a) Date of complaint:  May 28, 2024

   b) Date of initial appearance:  May 31, 2024

   c) Defendant custody status:  Detained pending motion to reopen detention hearing

   d) Date United States moved for detention:  May 31, 2024

   e) Date of detention hearing:  June 3, 2024

   f) Date detention decision issued:  June 3, 2024

  g)  Earlier enlargements of time and exclusions under the Speedy Trial Act:

    i)  June 12, 2024 through August 9, 2024.  Dkt. # 15.

1) The defendant requests this exclusion based on the following facts and circumstances:  The allegations in the complaint and the scope of the government's investigation involve complex factual and legal issues.  The defendant and his companies are involved in several civil and bankruptcy litigations concerning the same or similar subject matter.  The government has made pre-indictment discovery available to defense counsel, who was assigned to this case at the time of the defendant's arrest.  The requested continuance allows for reasonable time necessary for defense counsel to become familiar with the relevant background of this case, review discovery produced by the government, and to confer with the defendant about whether he wishes to resolve or dispute the charge set forth in the complaint, as well as other charges that could be brought.

2) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because, as described above, denial of the requested extension would deny counsel for the defendant the reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence (*see* 18 U.S.C. § 3161(h)(7)(B)(iv)).

3) The parties stipulate and agree that a period of thirty (30) days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B) (h)(7)(B)(iv).

  The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: July 26, 2024	CARLA B. FREEDMAN
	United States Attorney

By:	_____
	Joshua R. Rosenthal
	Michael Barnett
	Assistant United States Attorneys
	Bar Roll Nos. 700730 & 519140

	_____
	Matthew E. Trainor
	Jeremy B. Sporn
	Attorneys for Kris Roglieri
	Bar Roll Nos. 105643 & 704243

**ORDER**

A.   The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.   The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant(s) in a speedy indictment and trial because denial of the requested extension would deny counsel for the defendant the reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of August, 2024.

                                                                                         Hon. Christian F. Hummel
                                                                                         U.S. Magistrate Judge